## Edward Moss, Appellee, v. Estate of Joseph Redmon, Appellant.

1. BILLS AND NOTES, § 451*—*when finding of jury on question of payment of promissory note sustained by the evidence.* In an action on a promissory note and to have the same allowed against the estate of the deceased maker, the evidence being conflicting on the question whether the note had been paid by the deceased, *held,* that a verdict in favor of plaintiff was not manifestly against the weight of the evidence, and that the evidence was sufficient to sustain the verdict.

2. BILLS AND NOTES, § 426*—*what evidence inadmissible to show payment.* In an action on a promissory note and to have the same allowed as a claim against the estate of the maker, evidence offered by defendant that plaintiff was present in a proceeding to have a conservator appointed for the maker, prior to his death, and did not dispute testimony that the maker was not at that time indebted to any one, *held,* inadmissible as a circumstance tending to show that plaintiff's note had been paid, the plaintiff not being a party to that proceeding and not required to dispute the testimony offered to protect his claim.

Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

W. H. CLINTON and F. C. VAN SELLER, for appellant.

F. T. O'HAIR and H. S. TANNER, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This cause of action is upon a note of the principal sum of two thousand dollars, of date, December 10, 1902, given by one Joseph Redmon in his lifetime to Edward Moss, appellee. Joseph Redmon died some time during December, 1911, and this note was probated against his estate in the County Court of Edgar county. The payment of the note was resisted by the administrator, and trial was had which resulted in a finding and judgment for the defendant. Appellee appealed to the Circuit Court and upon trial in that court recovered a judgment against the estate of Joseph Redmon, deceased, for the principal and interest of this note.

The estate prosecutes this appeal and assigns as reasons for reversing this judgment that the court erred in the rejection of certain evidence offered by the estate, and for the further reason that the judgment is contrary to the law and evidence.

The facts as disclosed by this record show that Joseph Redmon in his lifetime borrowed four thousand dollars from one John Moss, the father of appellee, Edward Moss; that he also borrowed from Ed Moss the sum of two thousand dollars which is represented by the note in question; that during the lifetime of Joseph Redmon, John Redmon, his son, held a power of attorney for the transaction of the business of Joseph Redmon; that Ed Moss, appellee herein, was the son-in-law of Joseph Redmon, deceased; that John Redmon owed Joseph Redmon two thousand dollars, and that at that time the note in question was still unpaid, that Joseph Redmon, during his lifetime, together with John Redmon and either John or Ed Moss or both of them, met at the Citizens' National Bank some time during November, 1906, at which time John Redmon paid his father the two thousand dollars owed by him. That this two thousand dollars was paid by Joseph Redmon at that time either to Ed Moss in payment of the note in question or to John Moss in

payment of the balance of the four thousand dollars which Joseph Redmon owed him, appellant insisting that the money was paid to Ed Moss in consideration and satisfaction of the note upon which this judgment was rendered, appellee contending that he was not present at the time of this transaction in the Citizens' Bank and that the money was paid to John Moss in satisfaction of the balance due him on the four thousand dollar note which he held against Joseph Redmon.

Upon the contention of appellant that the judgment is contrary to the evidence, we find upon this record that the evidence upon this question is very conflicting, and cannot be reconciled, the evidence of the appellant supporting his contention and the evidence offered on behalf of appellee supporting his contention. When such a condition exists, it is clearly and solely the province of the jury to determine the questions of fact upon which there is such a conflict of evidence, and the jury by their verdict have found the facts in this case and upon the question as to which note was paid at this meeting in the Citizens' National Bank against the contention of appellant, and under the familiar rule which has been followed by this court, the verdict should not be disturbed, unless the court can say that the verdict is clearly and manifestly against the weight of the evidence, and we are satisfied that there is sufficient evidence in this record to sustain the verdict of the jury.

Upon the contention that the court erred in sustaining the objection to evidence offered on behalf of appellant, the record discloses that prior to the death of Joseph Redmon a conservator was appointed for him by the County Court of Edgar county, that upon hearing upon the application for the appointment of this conservator, Ed Moss was present and testimony was given at that time that Joseph Redmon was not at the time of the appointment of the conservator indebted to anyone, that his debts had all been paid, that Ed Moss sat by in the trial and did not in any manner

attempt to dispute or contradict the testimony showing that Joseph Redmon was not at that time indebted to any person, and upon the trial in the Circuit Court in this case appellant offered to show that this testimony was given in the trial for the appointment of a conservator and that the same was not contradicted or denied in any way by Ed Moss, contending that thereby he should be estopped from now setting up this claim, and that that evidence was competent as a circumstance tending to show that the note in question had been paid. The court sustained objection to this testimony and we think properly so, as at that time Ed Moss was not required for the purpose of protecting any claim that he might have against the estate to deny or contradict the evidence offered, he was not a party to that proceeding and had no right simply because he held a claim against the estate to offer any evidence therein.

No complaint is made of the giving or refusing of instructions, and finding no reversible error in this record the judgment is affirmed.

*Affirmed.*